**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KATINKA A. BOLDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-03-106-CH |
| | ) |
| MICHAEL J. ASTRUE,[1] | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Upon remand to the Commissioner, Plaintiff, Ms. Katinka Bolding, obtained a fully favorable decision finding her disabled since February 11, 1998, and awarding her disability benefits, including past due benefits.  Plaintiff's attorney, Timothy M. White, now moves for an award of attorney fees under 42 U.S.C. § 406(b) [Doc. #30]. Plaintiff's attorney has also filed a separate motion requesting that the Court permit him to move for attorney fees pursuant to Fed.R.Civ.P. 60(b)(6) [Doc. #29].   The Commissioner has responded to the motions [Doc. #31], and Plaintiff's attorney has filed a reply [Doc. #32].

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007.  Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is hereby substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

This is the second request for attorney fees filed in this action. By prior judgment of this Court, Plaintiff was awarded attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

For the reasons stated below, Plaintiff's attorney's motions are denied on the ground that Plaintiff's attorney has not moved for attorney fees under 42 U.S.C. § 406(b) within a reasonable time as required by Fed. R. Civ. P. 60(b)(6).

## I.     Background Facts

On January 24, 2002, an Administrative Law Judge for the Social Security Administration (SSA) issued a decision finding Ms. Bolding not disabled. Following the Appeals Council's denial of review, Ms. Bolding filed a complaint in this Court requesting judicial review of the Commissioner's decision. Ms. Bolding was represented at both the administrative and judicial level by attorney Timothy M. White. On December 5, 2003, the Court entered an agreed order and judgment remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. Following remand, Ms. Bolding filed a motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. On March 5, 2004, the Court awarded Ms. Bolding $4,143.90 in attorney's fees pursuant to the EAJA and entered judgment for attorney's fees accordingly [Doc. ## 27 and 28].

Upon remand to the Commissioner and following further administrative proceedings, Ms. Bolding received a favorable decision dated September 23, 2005, that found Ms. Bolding had been disabled since February 11, 1998. *See* Motion [Doc. #30], Exhibit G. Past-due

benefits were awarded to Ms. Bolding in the amount of $89,939.00. The SSA withheld twenty-five percent of Ms. Bolding's past-due benefits, or $22,484.74, for the payment of approved fees to Ms. Bolding's attorney, Mr. White. *Id.* Exhibit A, Notice of Award, at 3.

The SSA has approved and paid to Mr. White out of Ms. Bolding's past-due benefits the amount of $5,300, pursuant to 42 U.S.C. § 406(a), for services rendered by Mr. White at the agency level. *See* Motion, Exhibit A at 3. Mr. White now seeks approval of an award of attorney fees from this Court pursuant to 42 U.S.C. § 406(b), for work performed at the judicial level pursuant to his written contingency fee contract with Ms. Bolding. *See* Motion [Doc. #30], Exhibits B and G. He has requested that this Court award fees in the amount of $17,184.75. Mr. White acknowledges that upon receipt of this requested fee he would be required to refund to Ms. Bolding the fees already paid to him in satisfaction of the prior judgment for fees awarded under the EAJA, in the amount of $4,143.90.[2]

## II.  Analysis

Attorney's fees incurred at the judicial level of review of Social Security disability determinations are recoverable pursuant to section 406(b) as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow *as part of its judgment* a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . , certify the amount of such fee for

---

[2] Mr. White states an additional refund is due Ms. Bolding in the amount of $786 for the delay caused by counsel in seeking extensions of time within which to submit a brief in this action. *See* Motion [Doc. #30] at 6, ¶ 11.

3

payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

In *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006), the Tenth Circuit held that a district court's authority to award attorney's fees to a claimant's attorney pursuant to 42 U.S.C. § 406(b) is not limited to instances where the district court enters an order remanding for an immediate award of past-due benefits. Rather, 42 U.S.C. § 406(b) also authorizes the district court to award fees where, as here, the district court remands for further administrative proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits. Thus, pursuant to *McGraw*, section 406(b) authorizes an award of fees in the circumstances presented here.

**Timeliness of § 406(b) Attorney's Fee Request**

Because of the potential for a significant time lag between a court's remand and the Commissioner's ultimate award of past-due benefits, the Tenth Circuit further addressed in *McGraw* the procedure to be followed in requesting section 406(b) fees noting that "[s]ection 406(b) itself does not contain a time limit for fee requests." *McGraw*, 450 F.3d at 504. The Court held such fee requests should be governed by Rule 60(b)(6) of the Federal Rules of Civil Procedure and filed "within a reasonable time of the Commissioner's decision awarding benefits." *Id*. at 505.[3] The Tenth Circuit did not determine whether the fee requests at issue

---

[3]Rule 60(b)(6) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from the operation of the judgment.

(continued...)

4

…

in *McGraw* had been made within a reasonable time but left the issue for resolution by the district court on remand. *Id*.

The Commissioner's decision awarding benefits is dated September 23, 2005. *See* Motion [Doc. #30], Exhibit G, Notice of Decision – Fully Favorable. The Notice of Award from the SSA is dated November 23, 2005. *See id*., Exhibit A. The instant motion was not filed until April 2, 2007.

What constitutes a reasonable time for purposes of Rule 60(b)(6) must be determined based on the circumstances of each case. *See, e.g, Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 66 (1st Cir. 2003). The circumstances to be considered include the length of the delay, the reason for the delay and the prejudice, if any, associated with granting the relief. *Id*.

As reason for the delay in moving for attorney fees, Mr. White states the law was unsettled as to the right to recover § 406(b) fees until the issuance of the *McGraw* decision.[4] Yet, despite this allegedly unsettled nature of the law, Mr. White references a number of his own cases in which he moved for § 406(b) attorney fees and was awarded fees – all prior to

---

[3](...continued)
Fed. R. Civ. P. 60(b)(6). As the Tenth Circuit stated in *McGraw*, "[w]e believe that the best option in these circumstances is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award." *McGraw* at 505.

[4]Mr. White further relies on the Supreme Court's decision in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), as support for demonstrating the unsettled nature of the law. As that case was decided in 2002, approximately three years prior to the award of benefits in this case, it does not serve as support for the argument that the law was unsettled. Moreover, *Gisbrecht* did not address the procedural requirements for moving for § 406(b) fees.

the *McGraw* decision. *See* Plaintiff's Reply [Doc. #32] at 5-6. Thus the "unsettled" nature of the law does not appear to offer a justification for delay in moving for fees under § 406(b).

In addition, the Court takes judicial notice of the fact that Mr. White is the same attorney who represented the claimant in the *McGraw* case. Even if the Court were to accept Mr. White's argument that the law was unsettled as justification for delay in moving for attorney fees, the *McGraw* decision was rendered on June 13, 2006. At that time, Mr. White was duly apprised that Rule 60(b)(6) motions for fees awarded pursuant to § 406(b) must be made within a reasonable time. Yet Mr. White waited an additional ten months before moving for § 406(b) fees in this case.

Mr. White further states that "historically the length of time between the *Notice of Award* and the filing of a motion for a § 406(b) attorney fee has been given little attention." *See* Reply Brief [Doc. #32] at 5. However, such purported justification has no relevance subsequent to *McGraw* which established the procedure for moving for § 406(b) fees and imposed the reasonable time limitation set forth in Fed. R. Civ. P. 60(b)(6).

Typically, a party must move for statutorily authorized attorney fees with thirty days of the entry of judgment. *See, e.g.,* 28 U.S.C. § 2412(B) (requiring application for EAJA fees to be submitted within thirty days of final judgment). The time limit is even shorter pursuant to Fed. R. Civ. P. 54(d) (requiring attorney's fee motions be filed no later than fourteen days after entry of judgment). In *McGraw*, the Tenth Circuit clearly rejected a time limit as short as fourteen days when it determined that "an SSA fee award will only rarely be calculable before the end of the fourteen-day period [set forth in Rule 54(d)]. . . ." *Id.*, 450 F.3d at 504.

While there is no bright line to determine whether Mr. White's motion for a § 406(b) fee award has been filed in a timely manner, under the particular circumstances of this case, and counsel's failure to adequately justify the delay in moving for fees, the Court finds the motion has not been filed within a reasonable time of the Commissioner's decision awarding benefits as required by Fed. R. Civ. P. 60(b)(6). Here, the Commissioner's decision awarding benefits is dated September 23, 2005. More than one and one-half years passed before Mr. White filed the instant motion.

Mr. White represents that he specializes in Social Security disability cases and "has an administrative caseload of approximately 150-200 hearing[s] per year and is the largest law firm in northeastern Oklahoma specializing in Social Security disability cases." *See* Plaintiff's Motion [Doc. #30] at 10. He further states he "has represented approximately 250 claimants in federal court appeals, including roughly 40 Tenth Circuit appeals." *See id.* at 11. With this vast experience, Mr. White should have been well aware of the procedural requirements accompanying his fee request and moved for fees in a timely manner.

The Court further notes that this is not a situation where Mr. White is left without any fee award. He has received EAJA fees in the amount of $4,143.90 for his work performed at a judicial level and an additional $5,300 pursuant to § 406(a) for his work performed at the agency level.

Because the Court finds the motion for attorney fees is untimely filed, the Court need not address the reasonableness of the amount requested.

Plaintiff's Attorney's Motion to Allow Attorney Fee Petition Pursuant to Fed. R. Civ. P. 60(b)(6) [Doc. #29] and Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. #30] are DENIED.

IT IS SO ORDERED this __17th__ day of July, 2007.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE